MARIE SMITH *v.* MEDIPLEX OF WESTPORT ET AL.
(SC 17210)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued February 16—officially released May 10, 2005

*Neal L. Moskow,* with whom, on the brief, were *Frederic S. Ury, Deborah M. Garskof* and *Anthony J. LaBella,* for the appellant (substitute plaintiff).

*Robert C. E. Laney,* with whom, on the brief, was *Eric W. F. Niederer,* for the appellee (defendant Joanne C. Reisch).

*Opinion*

PER CURIAM. The substitute plaintiff, Merilyn Smith, executrix of the estate of the plaintiff decedent, Marie Smith,[1] brought an action against the defendant physi-

---

[1] Upon the death of the plaintiff, Marie Smith, Merilyn Smith was substituted as the plaintiff in this action. Hereafter, we refer to Merilyn Smith as the plaintiff.

cian, Joanne C. Reisch,[2] for medical malpractice regarding treatment of the decedent.[3] After a defendant's verdict by the jury and judgment on the verdict, the plaintiff attempted pro se[4] to appeal from the judgment to the Appellate Court.

The Appellate Court dismissed the plaintiff's appeal from the judgment of the trial court on the basis of late filing, the appeal having been filed one day late. The plaintiff moved for permission to file a late motion for reconsideration of the order of dismissal. The Appellate Court denied that motion. We then granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly dismiss this appeal for late filing?" *Smith* v. *Mediplex of Westport*, 269 Conn. 916, 852 A.2d 744 (2004). This certified appeal by the plaintiff followed.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[2] Initially, Mediplex of Westport and Mediplex of Connecticut, Inc., were also named as defendants. The counts against them were ultimately withdrawn, and the case was tried against Reisch only. Hereafter, we refer to Reisch as the defendant.

[3] The plaintiff did not claim that the decedent's death was caused by the defendant's malpractice.

[4] The plaintiff had been represented by counsel in the trial court.